IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| COLLIN CLIBURN, | ) |
| | ) 3:17-cv-03135 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MD MEDICAL SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, COLLIN CLIBURN, by and through his attorneys, SMITHMARCO, P.C., and for his Complaint against the defendant, MD MEDICAL SOLUTIONS, INC., the plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. COLLIN CLIBURN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Athens, County of Menard, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Menard County EMS (hereinafter, "the Debt").

6. The Debt was for medical services, which was for the personal use of Plaintiff and/or used for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MD MEDICAL SOLUTIONS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Indiana   Defendant is incorporated in the State of Indiana.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

1. On or about May 31, 2016, Defendant sent to Plaintiff a letter in an attempt to collect the Debt.

2. Across the top of the letter, set in the center, in all capital letters stated the words "LITIGATION NOTICE." These words appeared in larger font than the remainder of the letter and set apart from the rest of the letter.

3. The letter further stated that Plaintiff was being notified that a recommendation to file a lawsuit may be the next step, and that this may become a serious legal matter.

4. The aforesaid content of the letter would lead a least sophisticated consumer believe that a lawsuit would be filed against him if he did not pay the debt.

5. Plaintiff believed that if he did not pay the Debt, Defendant would file a lawsuit against him for said debt.

6. Defendant has not filed a lawsuit against Plaintiff for the Debt.

7. At the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

8. Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

9. Defendant had no authority to make any recommendation or direct any person, entity or law firm to file a lawsuit against Plaintiff.

10. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff or direct anyone to file a lawsuit for the Debt.

11. To this date, no lawsuit has been filed against Plaintiff for the Debt.

12. On April 20, 2017, Defendant sent Plaintiff a text message to Plaintiff's cellular phone.

13. The aforesaid text message was sent in an effort to collect a debt.

14. The aforesaid text message failed to state that the communication was coming from a debt collector.

15. Defendant proceeded to send multiple texts to Plaintiff.

16. In another text from Defendant to Plaintiff on that date, Defendant stated "Our Legal Notice has been sent to you."

17. On that date, Plaintiff responded to Defendant's text with his own text that stated he was not to be contacted any further.

18. Notwithstanding Plaintiff's written request that communications cease, on April 22, 2017, Defendant again sent a text to Plaintiff that replicated the first text received by Plaintiff on April 20, 2017.

19. On May 16, 2016, Plaintiff received a telephone call from Defendant.

20. Defendant's telephone call was an attempt to collect the Debt.

21. During the aforementioned telephone call, Defendant used profanity toward Plaintiff, called him a "loser" and ridiculed Plaintiff about his credit standing.

22. Defendant's conduct and statements as delineated above are neither made in an effort to seek payment from Plaintiff nor done to further the collection efforts of Defendant.

23. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the Debt.

24. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

25. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

26. In its attempts to collect the debt allegedly owed by Plaintiff to Menard County EMS, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Continued to communicate with the consumer in an effort to collect on the alleged debt despite the fact that the consumer notified the debt collector in writing that the consumer refused to pay the debt or that the consumer wished that the debt collector to cease further communication with the consumer in violation of 15 U.S.C. §1692c(c);

   b. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   c. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   g. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

27. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

28. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, COLLIN CLIBURN, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**COLLIN CLIBURN**

By:    s/ Larry P. Smith
       Attorney for Plaintiff

Dated: May 31, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 324-3532
Facsimile:   (888) 418-1277
E-Mail:      lsmith@smithmarco.com