IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| COLLIN CLIBURN, ) | |
| Plaintiff, ) | |
| v. ) | No. 17-cv-3135 |
| MD MEDICAL SOLUTIONS, INC., ) | |
| Defendant. ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Collin Cliburn's Motion for Alternate Service and Extension of Time to Serve Defendant (d/e 11) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Cliburn alleges Defendant MD Medical Solutions, Inc. (MD Medical), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in connection with trying to collect a debt Cliburn allegedly owed the Menard County, Illinois, EMS. Cliburn is a resident of Illinois and MD Medical is an Indiana corporation with its principal place of business located at 133 W. Market St., Suite 215, Indianapolis, Indiana 46204.

Cliburn initially failed to serve MD Medical properly.  See Text Order entered July 26, 2017.  Cliburn states in the Motion that he delayed attempting to effect service because the parties were negotiating a settlement.  Cliburn alleges that the parties did not settle.

Cliburn then attempted to serve MD Medical's owner and registered agent Larry Higgins.  Cliburn submitted an affidavit from a process server named Tim Howard dated November 3, 2017.  Howard states that he unsuccessfully attempted to serve Higgins at MD Medical's principal place of business during normal business hours on September 13, 2017, September 15, 2017, September 29, 2017, October 4, 2017, and October 13, 2017. Each time Higgins was not available.  Howard also attempted service on September 20, 2017 at 5:05 pm and on September 26, 2017, at 8:15 a.m.  On these occasions, the offices were locked.

Cliburn asks for additional time to serve MD Medical and for permission to serve MD Medical by alternate service available under Illinois law, 735 ILCS 5/2-203.1.  The Court will allow the request for extension of time to serve, but will not allow alternate service under § 5/2-203.1.

The Federal Rules of Civil Procedure govern service of process. Rule 4(h) provides that service on a corporation may be effected: (1) by service on the registered agent, officer, manager or general agent, or other

agent authorized to accept service of process, or (2) in the manner prescribed for service on individuals under Rule 4(e)(1).  Fed. R. Civ. P. 4(h).  Rule 4(e)(1) authorizes service by following state law in the state where this Court is located or the state where service is made.  Fed. R. Civ. P. 4(e)(1).  This Court is located in Illinois and service will be made in Indiana at MD Medical's principal place of business. Cliburn, therefore, may serve MD Medical in the manner prescribed in either Illinois law or Indiana law.  Cliburn may also serve under the manner prescribed by both Illinois and Indiana if he wishes.

    Illinois law provides that a foreign corporation authorized to do business in Illinois may be served by serving the Illinois Secretary of State whenever the corporation's registered agent cannot with reasonable diligence be found at the registered office in Illinois.  805 ILCS 5/5.25(b)(2).  The manner for serving the Illinois Secretary of State is set forth in 805 ILCS 5/5.25(c).  Illinois law also provides that a foreign corporation doing business in Illinois, but not authorized to do business in Illinois, is deemed to have designated the Illinois Secretary of State as its agent for service of process.  The manner of service is set forth again in 805 ILCS 5/5.25(c).  Service under § 5/5.25(c) involves serving an appropriate clerk in the Illinois Secretary of State's corporate division, mailing the appropriate

documents to the corporation by certified mail, and appending the appropriate affidavit on the Illinois Secretary of State form in the manner prescribed by the section. If Cliburn serves MD Medical under Illinois law, he should carefully review and comply with § 5.5.25(c).

Indiana law provides that a corporation may be served by serving registered agent, or if the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail, return receipt requested, addressed to the corporation's secretary or other executive officer at the corporation's principal place of business. Ind. Code § 23-1-24-4. If Cliburn serves MD Medical under Indiana law, he should carefully review and comply with § 23-1-24-4.

The Court finds that Cliburn has demonstrated through Howard's affidavit that he cannot with reasonable diligence serve MD Medical's registered agent Larry Higgins personally. Cliburn may therefore follow the methods set forth in 805 ILCS 5/5.25(c) or Ind. Code § 23-1-24-4 to serve MD Medical. The alternate service method proposed in the Motion, however, is not appropriate. Illinois law authorizes alternate service for individuals, not corporations. 735 ILCS 5/2-203.1.

THEREFORE, IT IS ORDERED, Plaintiff's Motion for Alternate Service and Extension of Time to Serve Defendant (d/e 11) is ALLOWED in

part and DENIED in part.  Plaintiff Collin Cliburn is given an extension of time until December 8, 2017, to serve Defendant MD Medical Solutions, Inc.  The Court denies the request for alternate service under Illinois law 735 ILCS 5/2.203.1.  The Court finds that Cliburn has demonstrated he cannot with reasonable diligence serve MD Medical's registered agent Larry Higgins personally.  Cliburn should serve MD Medical in the manner authorized for service of corporations under such circumstances under either Illinois or Indiana law (or both if he wishes), the states where this court sits or where service will be made.  Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1).

ENTER:   November 16, 2017

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE
